IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:26-cv-80170-AMC

KIM BROWN, and DIEGO LEWIS,
on behalf of themselves and others similarly
situated,

Plaintiffs,

v.

GET LIQUID FUNDING, LLC,
Defendant.

# AMENDED COMPLAINT
***(FLSA Collective Action)***

COMES NOW, KIM BROWN ("BROWN") and DIEGO LEWIS ("LEWIS"), individually and on behalf of themselves and all current and former similarly situated Sales Representatives who worked at GLF's locations throughout the State of Florida, files this Collective Action Complaint against Defendant, GET LIQUID FUNDING, LLC ("GLF") seeking all relief available under the Fair Labor Standards Act of 1938, as amended, 29 USC §§ 201, et seq. ("FLSA"), and states as follows:

## NATURE OF THE ACTION

1. BROWN and LEWIS on behalf of themselves and other current and former employees who will opt into this action pursuant to the FLSA, states that BROWN, LEWIS, and other similarly situated employees are entitled to: (1) unpaid wages from GLF for overtime work for which they did not receive overtime pay as required by the

FLSA; (2) liquidated damages pursuant to the FLSA; (3) reasonable fees and costs; and (4) any further relief this Court deems just and equitable.

## JURISDICTION AND VENUE

2. This is an Action against GLF for violations of the FLSA.

3. This Action is brought to recover unpaid compensation, in the form of overtime compensation, owed to BROWN and LEWIS, individually, and on behalf of all employees and former employees of GLF who are similarly situated, pursuant to the FLSA.

4. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. 28 U.S.C. §1331.

5. The Plaintiffs worked for GLF in Palm Beach County, Florida.

6. BROWN worked for GLF for the period December 17, 2024 to April 7, 2025.

7. LEWIS worked for GLF for the period of October 31, 2024 to May 6, 2025.

8. At all times pertinent to this Complaint, GLF is an enterprise engaged in interstate commerce.

9. At all times pertinent to this Complaint, GLF regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and, upon information and belief, had an annual gross revenue of at least $500,000.00.

10. GLF is subject to the jurisdiction of the United States District Court because it is engaged in substantial and not isolated activity within this judicial district.

11. GLF is also subject to the jurisdiction of the United States District Court because it operates, conducts, engages in, and/or carries on business in the Southern District of Florida.

12. The three-year statute of limitations is applicable to this Complaint due to the willful violation of the FLSA by GLF pursuant, to 29 U.S.C. § 255(a).

## GENERAL ALLEGATIONS

***GLF's Operations:***

13. GLF's principal address is located at 2290 10th Ave N., 202, Lake Worth, Florida 33461.

14. GLF is in the business of Surplus Recovery, whereby GLF recovers surplus from homeowners who have lost their homes to foreclosure and provide house-hunting services for rental properties.

15. For the period of on or around December 17, 2024, to April 7, 2025, BROWN was employed with GLF as a Sales Representative who provides support to homeowners facing foreclosure by connecting them with financial solutions and helping them recover surplus funds after foreclosure actions, efforts achieved through proactive client outreach and strategic lead management ("Sales Representative").

16. As a Sales Representative, BROWN's and LEWIS' duties were: to make outbound calls to Clients, transfer calls, prospecting, verifying Clients' information, and following up with Clients to sign their agreement with GLF.

17. GLF paid BROWN the weekly rate of $800.00 and commissions of 3% to perform the duties expected of a Sales Representative.

18. GLF paid LEWIS the weekly rate of $500.00 and commissions of 3% to perform the duties expected of a Sales Representative.

19. Neither BROWN nor LEWIS supervised any employees.

***Overtime Claim:***

20. At all times material hereto, GLF employed BROWN, LEWIS, and similarly situated employees, within the meaning of the FLSA, 29 USC §216(b).

21. At all times material hereto, GLF knowingly and willfully failed to pay BROWN, LEWIS, and similarly situated employees, lawfully earned wages in conformance with the FLSA.

22. At all times material hereto, GLF is an "enterprise engaged in commerce" within the meaning of the FLSA.

23. At all times material hereto, the work performed by BROWN, LEWIS, and similarly situated employees, was directly essential to the business performed by GLF.

24. BROWN's and LEWIS' position, and those of the similarly situated employees, as a Sales Representative, were not exempt from the FLSA.

25. BROWN, LEWIS, and similarly situated employees, routinely and substantially utilized instrumentalities of interstate commerce in their work for GLF.

26. Throughout BROWN's employment, she and similarly situated employees, often worked over forty (40) hours per week.

27. Throughout LEWIS' employment, he and similarly situated employees often worked over forty (40) hours per week.

28. GLF owes BROWN, LEWIS, and similarly situated employees, overtime compensation.

29. BROWN is owed at least 73 hours of overtime compensation.

30. LEWIS is owed at least 174 hours of overtime compensation.

31. GLF knowingly and willfully operated its business with a policy of not paying the overtime rate of one-half for hours worked in excess of the maximum hours provided by the FLSA, to BROWN, and other similarly situated employees.

32. GLF has been sued for failure to pay FLSA overtime in the case styled *Madison Salazar v. Get Liquid Funding LLC,* United States District Court for the Southern District of Florida Case No. 9:23-CV-80409-ROSENBERG/REINHART.

## LEGAL REPRESENTATION

33. The Plaintiffs have retained the undersigned law firm to represent her in this litigation and has agreed to pay the firm reasonable fees for its services.

## CONDITIONS PRECEDENT

34. The Plaintiffs have has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

**COUNT I**
**FLSA ACTION FOR UNPAID OVERTIME COMPENSATION BY BROWN AND ON BEHALF OF THE PUTATIVE FLSA COLLECTIVE MEMBERS**

35. BROWN and LEWIS repeat and reallege paragraphs 1-32 as though fully stated herein.

36. GLF has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Collective Action Complaint.

37. BROWN, LEWIS, and other similarly situated employees, worked additional hours in excess of forty (40) hours per week, for which they were not compensated at the statutory rate for their overtime.

38. At all relevant times, BROWN, LEWIS, and the Putative FLSA Collective members were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

39. GLF is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

40. At all times relevant, BROWN, LEWIS, and the Putative FLSA Collective members were employees within the meaning of 29 U.S.C. §§ 203 (e) and 207(a).

41. GLF has failed to pay BROWN, LEWIS, and other similarly situated Putative FLSA Collective members the overtime wages to which they were entitled under the FLSA.

42. GLF's violations of the FLSA, as described in this Collective Action Complaint, have been intentional and willful.

43. GLF has not made a good faith effort to comply with the FLSA with respect to the compensation of BROWN, LEWIS, and other similarly situated Putative FLSA Collective members.

44. GLF has intentionally, willfully, and regularly engaged in a company- wide policy, pattern, or practice of violating the FLSA with respect to BROWN, LEWIS, and the Putative FLSA Collective members, which policy, pattern or practice was authorized, established, promulgated, and/or ratified by GLF's corporate headquarters.

45. Because GLF's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255, as may be tolled by equity or agreement of the parties.

46. Additional records, if any, concerning the number of hours worked by BROWN, LEWIS, and other similarly situated employees, and the actual compensation paid to BROWN, LEWIS, and Putative FLSA Collective Class, are in the possession and custody of GLF. Plaintiffs intend to obtain these records by appropriate discovery


CADOGAN LAW | 1200 S. PINE ISLAND ROAD, SUITE 370 | PLANTATION, FL 33324 | T: 954.606.5891 | WWW.CADOGANLAW.COM

proceedings to be taken promptly in this case and, if necessary, they will then seek leave of Court to amend this Complaint to set forth the precise amount due to them.

47. As a direct and proximate result of GLF's willful disregard of the FLSA, BROWN and LEWIS are entitled to liquidated damages pursuant to the FLSA.

48. Due to the intentional, willful, and unlawful acts of GLF, BROWN, LEWIS, and the Putative FLSA Collective Class have suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

49. BROWN, LEWIS, and other similarly situated employees of the Putative FLSA Collective, are entitled to an award of their reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE,** Plaintiff, KIM BROWN, individually, and DIEGO LEWIS, individually and on behalf of all other similarly situated persons of the Putative FLSA Collective, respectfully request that judgment be entered in their favor against GLF, and award damages, liquidated damages, reasonable attorneys' fees, costs, and any such further relief this Court deems just and equitable.

**JURY TRIAL DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

Dated: February 23, 2026

Respectfully submitted,

By: */s/ Gina Cadogan*
GINA MARIE CADOGAN

Fla Bar No: 177350
MADISON A. HECKMAN
Fla Bar No: 1050048
CADOGAN LAW
1200 S. Pine Island Road, Suite 370
Plantation, Florida 33324
Telephone: 954.606.5891
Facsimile: 877.464.7316
Email: gina@cadoganlaw.com
Email: madison@cadoganlaw.com
Email: tyler@cadoganlaw.com